## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

PAUL WESTLEY, individually
and on behalf of similarly situated
persons,

                          Plaintiffs,

      v.

CCK PIZZA COMPANY, LLC
and CHRIS SCHLOEMANN,

                         Defendants.

Case No. 1:18-cv-13627

Hon. Thomas J. Ludington

---

## PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS

Plaintiff Paul Westley, through his undersigned counsel, respectfully moves this Court for an Order:

1.    Granting final approval of the Parties' FLSA Collective Action Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act.

2.    Approving the proposed settlement structure, under which Named Plaintiff and all Opt-In Plaintiffs will receive a *pro rata* share of the Gross Settlement amount compensating them for unreimbursed expenses based on a mileage

reimbursement rate of forty cents ($0.40) per mile for every mile driven on behalf of Defendants at any time from November 20, 2015 to September 25, 2019.

3.    Approving the Gross Settlement Amount of $123,000.00 in resolution of this action.

4.    Approving the proposed service award in the amount of $5,000.00 to Plaintiff Paul Westley for his service to the Settlement Collective.

5.    Approving Plaintiff's unopposed request for attorneys' fees, which are not to exceed $33,000.00, and costs, which are not to exceed $12,000.00.

6.    Staying this action until thirty-five days after the Notice Period (*i.e.*, October 30, 2019).

7.    Authorizing the Parties to file a stipulation requesting dismissal with prejudice and the entry of final judgment thirty-five days after the Notice period (i.e., October 30, 2019).

8.    Reserving exclusive and continuing jurisdiction over this action, the named Plaintiff, and the FLSA Collective for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

This Motion is based on the accompanying Memorandum of Law, the Declarations of David M. Blanchard and Jay Forester, and all other records, pleadings, and papers on file in this action. Pursuant to the terms of the Settlement

Agreement, Defendants do not oppose this Motion.

A proposed Order is submitted for the Court's consideration.

Respectfully submitted,

BLANCHARD & WALKER, PLLC
/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

J. Forester
Texas Bar No. 24087532
FORESTER HAYNIE PLLC
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
www.foresterhaynie.com

Dated:  August 30, 2019          *ATTORNEYS FOR PLAINTIFF*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

PAUL WESTLEY, individually
and on behalf of similarly situated
persons,

                  Plaintiffs,

    v.

CCK PIZZA COMPANY, LLC
and CHRIS SCHLOEMANN,

                  Defendants.

Case No. 1:18-cv-13627

Hon. Thomas J. Ludington

_____

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## UNOPPOSED MOTION FOR FINAL APPROVAL OF THE FLSA
## COLLECTIVE ACTION  SETTLEMENT AGREEMENT
## AND FOR ATTORNEYS' FEES AND EXPENSES

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ..........................................................III

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...................... IV

TABLE OF AUTHORITIES...........................................................................V

I.    INTRODUCTION .................................................................................1

II.   THE TERMS OF THE SETTLEMENT AGREEMENT...........................2

    A.    THE FLSA COLLECTIVE MEMBERS .................................................2

    B.    THE GROSS SETTLEMENT AMOUNT.............................................3

    C.    CALCULATION AND DISTRIBUTION OF THE GROSS SETTLEMENT
        AMOUNT.....................................................................................3

    D.    RELEASE OF CLAIMS ....................................................................5

    E.    ATTORNEYS' FEES AND COSTS.....................................................5

III.  ARGUMENT .......................................................................................6

    A.    STANDARD FOR SETTLEMENT APPROVAL UNDER THE FLSA .................6

    B.    THE WOLINSKY FACTORS SUPPORT APPROVAL OF THE SETTLEMENT ....8

        1.    The Settlement Agreement Represents a Reasonable
            Compromise of Disputed Issue ........................................8

        2.    The Monetary Terms and the Release Contained in the
            Settlement Agreement are Fair in Light of the Potential
            Recovery in the Case ........................................................9

        3.    Avoiding Anticipated Burdens in Establishing the Respective
            Claims and Defenses and the Seriousness of Litigation Risks
            Faced by the Parties ........................................................11

**4.**   ***Arm's-Length Bargaining Between Experienced Counsel and the Possibility of Fraud or Collusion*** ......................................12

**C.**   **THE PROPOSED SERVICE AWARD TO THE NAMED PLAINTIFF IS FAIR AND REASONABLE** ........................................................13

**D.**   **THE ATTORNEYS' FEES AND COSTS PROVISIONS OF THE SETTLEMENT AGREEMENT FAIRLY COMPENSATE PLAINTIFF'S COUNSEL FOR THE TIME AND EXPENSE IN LITIGATING THIS MATTER AND SHOULD BE APPROVED** ........................................15

**1.**   ***The Attorneys' Fees Requested Should be Approved*** ...................15

**2.**   ***Plaintiff's Counsel's Costs Should be Approved*** ..........................18

**IV. CONCLUSION** .............................................................................19

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.     Whether the proposed FLSA Collective Action Settlement Agreement is

a fair and reasonable resolution of the *bona fide* dispute.

**Plaintiff's Answer: Yes**

II.    Whether the attorneys' fees and costs requested are reasonable.

**Plaintiff's Answer: Yes**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

29 U.S.C. § 216(b)

*Belmont v. Homes of Opportunity, Inc.*, No. CV 18-10854, 2018 U.S. Dist. LEXIS 209920 (E.D. Mich. Dec. 13, 2018)

*Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 U.S. Dist. LEXIS 71825 (E.D. Mich. May 11, 2017)

*Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 U.S. Dist. LEXIS 78222 (N.D. Ohio May 4, 2018)

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012)

# TABLE OF AUTHORITIES

## CASES

*Belmont v. Homes of Opportunity, Inc.*, No. CV 18-10854, 2018 U.S. Dist. LEXIS 209920 (E.D. Mich. Dec. 13, 2018 .................................................15

*Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 U.S. Dist. LEXIS 98763 (N.D. Ohio Sept. 1, 2011) ...................................................9

*Briggs v. PNC Fin. Servs. Group, Inc.*, No. 15-cv-10447, 2016 U.S. Dist. LEXIS 165560 (N.D. Ill. Nov. 29, 2016) ............................8

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) .................................6

*Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 U.S. Dist. LEXIS 71825 (E.D. Mich. May 11, 2017) ............................................................7

*Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199 (2d Cir. 2015).........................6

*Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110 (S.D.N.Y. 1997).............15

*Cooper v. Winking Lizard, Inc.*, 1:16CV1513, 2017 U.S. Dist. LEXIS 169237 (N.D. Ohio Oct. 4, 2017) ............................................................10

*Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070 (E.D. Ky. Oct. 23, 2008) ..............................13

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54 (D. Mass. 1997)......12

*Frank v. Eastman Kodak Co.*, 228 F.R.D 174 (W.D.N.Y. 2005) ......................9, 13

*Graybill v. Petta Enterprises, LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152 (S.D. Ohio Sept. 25, 2018)..............................................14

*Hainey v. Parrot,* 617 F.Supp.2d 668 (S.D. Ohio 2007).........................................12

*In re Austrian & German Bank*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000) ....................9

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003) ............8, 18

*In re Relafen Antitrust Litig.*, 231 F.R.D. 52 (D. Mass. 2005)................................17

*In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294 (3d Cir. 2005) ................................17

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010)............13

*Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350
(11th Cir. 1982)................................................................................................6

*Newman v. Stein*, 464 F.2d 689 (2d Cir. 1972) .......................................................10

*Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 U.S. Dist. LEXIS
78222 (N.D. Ohio May 4, 2018) ..........................................................7, 8, 14

*Salinas v. U.S. Xpress Enterprises, Inc.*, No. 1:13-cv-245, 2018 U.S. Dist.
LEXIS 48946 (E.D. Tenn. Mar. 26, 2018) ...................................................14

Snook v. Valley OB-Gyn Clinic, P.C., No. 14-cv-12302,
2015 U.S. Dist. LEXIS 2989 (E.D. Mich. Jan. 12, 2015)..............................7

*Wade v. Werner Trucking Co.*, No. 2:10-CV-270, 2014 U.S. Dist. LEXIS
78341 (S.D. Ohio June 5, 2014)....................................................................18

*Williams v. Alimar Sec., Inc.*, CV 13-12732, 2017 U.S. Dist. LEXIS 13530 (E.D.
Mich. Feb. 1, 2017) .........................................................................................8

*Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 U.S. Dist. LEXIS
9310 (E.D. Mich. Jan. 27, 2016) ....................................................................7

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) ...................7, 15

S<small>TATUTES</small>

29 U.S.C § 216(b)........................................................................................6, 15, 18

## I.     INTRODUCTION

This wage and hour lawsuit brought against Defendants CCK Pizza Company, LLC ("CCK") and Chris Schloemann (collectively, "Defendants") has been settled subject to this Court's approval, and Plaintiff Paul Westley ("Plaintiff") respectfully submits this memorandum of law in support of Plaintiff's Unopposed Motion for Approval of the FLSA Collective Action Settlement Agreement and for Attorneys' Fees and Costs.

Plaintiff worked for Defendants as a delivery driver, utilizing his own vehicle for Defendants' benefit to deliver pizza and other food items to Defendants' customers. On November 20, 2018, Plaintiff filed a Collective Action Complaint in this Court alleging that Defendants violated the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Michigan Minimum Wage Law[1] by failing to reimburse delivery drivers adequately for expenses, violating Defendants' minimum wage obligations. After considerable negotiations, including one full-day, in-person mediation session before experienced mediator David A. Kotzian and further negotiations thereafter, the Parties reached a proposed collective action settlement of this matter. The terms of the Parties' settlement are set forth in a FLSA Collective

---

[1] Because minimum wage in Michigan has been governed by various statutes over the relevant time period, such as MICH. COMP. LAWS § 408.411 *et seq.* and MICH. COMP. LAWS § 408.931 *et seq.*, for purposes of this Motion, the applicable statutes will be referred to as "Michigan Minimum Wage Law."

Settlement Agreement (the "Agreement") (Ex. 1). Under the Agreement, Named Plaintiff and all Opt-In Plaintiffs will receive a *pro rata* share of the Gross Settlement amount compensating them for unreimbursed expenses based on a mileage reimbursement rate of forty cents ($0.40) per mile for every mile driven on behalf of Defendants at any time from November 20, 2015 to September 25, 2019.

Accordingly, Plaintiff respectfully requests that this Court issue an Order: (1) approving the Gross Settlement Amount of $123,000.00; (2) approving a service award to Named Plaintiff Paul Westley in the amount of $5,000.00; (3) approving attorneys' fees of up to $33,000.00 and costs and expenses up to $5,000.00; and (4) approving the Agreement and dismissing the action with prejudice pursuant to the terms of the Agreement.

## II.     THE TERMS OF THE SETTLEMENT AGREEMENT

### A.     The FLSA Collective Members

The Settlement Agreement provides that the FLSA Collective Members include Plaintiff, Opt-In Plaintiffs, and all individuals who worked for Defendants during the Relevant Time Period (*i.e.*, November 20, 2015 through September 26, 2019), delivering pizza and other food items to Defendants' customers were under-reimbursed for vehicle expenses incurred while operating their vehicles for Defendants' benefit, leading to violations of the FLSA and Michigan Minimum Wage Law.

On June 4, 2019, this Court granted Plaintiff's Motion for Conditional Certification. (ECF No. 33). The Court's Order certified the following collective:

> All delivery drivers employed by Defendants at any time since November 20, 2015.

Plaintiff's Counsel mailed notice to the Collective via U.S. First Class Mail on July 3, 2019. (ECF No. 38). As of August 30, 2019, twenty-eight individuals have opted-in to this case. Under the Agreement, only those who Opt-In to this case will release their claims against Defendants; the rights of those who do not submit an Opt-In Form will not be affected by the Settlement. Agreement ¶ 12; Declaration of David M. Blanchard ("Blanchard Decl.") ¶ 18 (Ex. 2).

**B.    The Gross Settlement Amount**

Prior to mediation and in the course of discovery, Defendants provided data to Plaintiff's Counsel showing the reimbursement Defendants paid to FLSA Collective Members. The parties agreed to a Settlement including a gross cash payment of up to One Hundred and Twenty-Three Dollars and Zero Cents ($123,000.00) (the "Gross Settlement Amount"). Agreement ¶ 4(d).

**C.    Calculation and Distribution of The Gross Settlement Amount**

The total amount paid by Defendants as part of the settlement (the "Gross Settlement Amount") will be no more than $123,000.00 regardless of how many individuals Opt-In to this case. Agreement ¶¶ 1(d), 4(d). Each Eligible Collective

Member[2] will receive a *pro rata* share of the Gross Settlement based on a mileage reimbursement rate of $0.40 per mile for every mile driven on behalf of CCK at any time since November 20, 2015. Agreement ¶¶ 1(e), 4(a). This reflects a fair compromise between Plaintiff's estimated reasonable vehicle expense reimbursement at the IRS rate and Defendants' estimated reasonable reimbursement rate of approximately twenty-nine cents ($0.29) per mile. Blanchard Decl. ¶ 16. Each Eligible Collective Member will receive, at a minimum, an award of $50.00. Agreement ¶ 4(a). The Gross Settlement Amount also includes a service award to Named Plaintiff Paul Westley in the amount of $5,000.00 for his efforts in bringing and prosecuting this matter. Agreement ¶ 4(c).

Pursuant to the Agreement, on or before October 25, 2019, Defendants shall pay all amounts owed under the Agreement. Agreement ¶ 5. Settlement Award checks will be negotiable for one-hundred eighty (180) days from the date of issuance and shall be accompanied by an IRS Form 1099. Agreement ¶ 9–10. Any proceeds from checks that are uncashed at the end of the 180-day period will be reissued to State of Michigan Department of Treasury Unclaimed Property Fund.

---

[2] "Eligible Collective Members" means: (i) Plaintiff; (ii) Opt-In Plaintiffs who at the time of this Motion have already filed an Opt-In Consent Form with the Court; and (iii) all individuals who return a valid Opt-In Form during the Opt-In Period (i.e., before September 25, 2019. Agreement ¶¶ 1(c), 4(a).

Agreement ¶ 11.

### D.     Release of Claims

In exchange for the Settlement benefits, Eligible Collective Members release all claims against Defendants, including those claims that were or could have been asserted in Plaintiff's Complaint and that arose prior to September 26, 2019, including alleged violations of the FLSA and all state and federal claims for unpaid wages and related claims. Agreement ¶ 12. The release covers Defendants and their owners, shareholders, officers, directors, employees, representatives, parent companies, subsidiaries, predecessors, successors, assigns, and insureds. Agreement ¶ 12. Upon Defendants' mailing of checks, only the Eligible Collective Members who have chosen to participate in the settlement by submitting an Opt-In Form will be part of the settlement and release their claims against Defendant. Agreement ¶ 12.

### E.     Attorneys' Fees and Costs

Pursuant to the Settlement Agreement, Plaintiff's Counsel request that this Court approve up to $33,000.00 in attorneys' fees, plus their actual expenses, not to exceed $5,000.00, which will compensate Plaintiff's Counsel for all work performed in this lawsuit and costs and expenses incurred, as well as all of the work remaining to be performed, including, but not limited to securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented,

and obtaining final dismissal of the lawsuit. Agreement ¶ 4(b). All attorneys' fees and expenses shall be paid on or before October 25, 2019. Agreement ¶ 5. Under the Agreement, if Defendants' payments to Opt-In Plaintiffs exceed $80,000.00, attorney's fees will be reduced proportionately in order to ensure that the Gross Settlement Amount is sufficient to compensate all Eligible Collective Members for unreimbursed vehicle expenses at a rate of $0.40 per mile. Agreement ¶ 4(d).

## III.   ARGUMENT

### A.   Standard for Settlement Approval Under the FLSA

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C § 216(b). The FLSA's provisions are mandatory and, generally, are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c), or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 U.S. Dist. LEXIS 71825, at *5 (E.D. Mich. May 11, 2017) (Ex. 3) (quoting *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 U.S. Dist. LEXIS 9310, at *3 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted) (Ex. 4). In determining whether a proposed settlement is fair and reasonable, the court considers several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Id.* (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks and citations omitted). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Id.* (citing *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 U.S. Dist. LEXIS 2989, at *2 (E.D. Mich. Jan. 12, 2015))(Ex. 6).

A one-step approval process is appropriate in an FLSA settlement. *See Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *3–4 (N.D. Ohio May 4, 2018) (Ex. 7) (citing *Briggs v. PNC Fin. Servs. Group, Inc.*, No.

15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *3 (N.D. Ill. Nov. 29, 2016) (stating that "a one-step settlement approval process is appropriate" in FLSA settlements and collecting cases))(Ex. 8). "Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions." *Id.* (citing *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982).

**B.  The *Wolinsky* Factors Support Approval of the Settlement**

**1.  The Settlement Agreement Represents a Reasonable Compromise of Disputed Issue**

The Settlement Agreement reflects a reasonable compromise of disputed issues related to the merits as well as collective treatment of Plaintiff's claims. As one court noted in considering a proposed FLSA settlement, "both parties face risks if the Court determines the appropriate calculation of [damages]." *Williams v. Alimar Sec., Inc.*, CV 13-12732, 2017 U.S. Dist. LEXIS 13530, at 6 (E.D. Mich. Feb. 1, 2017) (Ex. 9).  In this case, as in many collective actions, "[t]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Where there are important questions of law and fact regarding liability and damages that remain unresolved, this factor weighs in favor of settlement approval. *See, e.g.*, *Brent v. Midland Funding, LLC*, No. 3:11 CV 1332, 2011 U.S. Dist. LEXIS 98763, at *43

(N.D. Ohio Sept. 1, 2011) (citing to 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11.50 (4th ed.2002), stating that "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."). (Ex. 10).

In this case, while Plaintiff contends that he and the Eligible Collective Members were not adequately reimbursed, Defendants argue that their reimbursement rate was reasonable. Blanchard Decl. ¶ 16. Defendants also maintains that collective action treatment of the Plaintiff's claims is not appropriate and would seek decertification if this case proceeded. Blanchard Decl. ¶ 13; *see also* Defs.' Mtn. to Compel Deps. (ECF No. 37). Thus, the ultimate result of this litigation is far from certain. Blanchard Decl. ¶¶ 12-13. This factor supports approval.

### 2. The Monetary Terms and the Release Contained in the Settlement Agreement are Fair in Light of the Potential Recovery in the Case

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank v. Eastman Kodak Co.*, 228 F.R.D 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian & German Bank*, 80 F. Supp. 2d 164,1 178 (S.D.N.Y. 2000). "Instead, 'there is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting

*Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The instant Agreement represents a reasonable compromise, since, "given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed. In contrast, the Settlement Agreement assures that Plaintiffs will receive compensation for the alleged violations at issue." *Cooper v. Winking Lizard, Inc.*, 1:16CV1513, 2017 U.S. Dist. LEXIS 169237, at *7 (N.D. Ohio Oct. 4, 2017) (Ex. 11).

The formula to determine each FLSA Collective Member's settlement payment is also fair and reasonable. Each Eligible Collective Member will receive a *pro rata* share of the Gross Settlement amount compensating them for unreimbursed expenses based on a mileage reimbursement rate of $0.40 per mile for every mile driven on behalf of Defendants at any time from November 20, 2015 to September 25, 2019. Agreement ¶ 1(e). This reflects a reasonable reimbursement rate for vehicle expenses incurred by Eligible Collective Members for Defendants' benefit. The settlement value reflects: (1) the fact that Defendants would have vigorously contested the merits of Plaintiff's FLSA claims, including seeking decertification; and 2) that Defendants contend that the shorter two-year statute of limitations under the FLSA would have been appropriate, which would severely limit Plaintiff's and FLSA Collective Members' possible recovery. *See* Blanchard Decl. ¶¶ 12-13; *see also* 29 U.S.C. § 255(a). Were he successful at trial, Plaintiff would have sought liquidated damages in an amount equal to the under-reimbursement, and Defendants

would have argued that they acted in good faith and that liquidated damages were not appropriate. *See*, Blanchard Decl. ¶ 13.

Given disputed issues, the settlement is a fair and reasonable compromise of the FLSA Collective Members' claims. Blanchard Decl. ¶ 10. Most importantly, FLSA Collective Members who do not submit an Opt-In Form will not release their wage and hour claims against Defendant. Agreement ¶ 12; Blanchard Decl. ¶ 18. The scope of the release in the Settlement Agreement is also fair and reasonable. Eligible Collective Members will release only the claims that arose prior to September 26, 2019. Blanchard Decl. ¶ 18; Agreement ¶ 12. Accordingly, there is no release of prospective rights, and FLSA Collective Members who do not submit an Opt-In Form for this settlement will not release any claims that they may have against Defendants. Agreement ¶ 12.

### 3. Avoiding Anticipated Burdens in Establishing the Respective Claims and Defenses and the Seriousness of Litigation Risks Faced by the Parties

Plaintiff believes that the Settlement is an acceptable result for the FLSA Collective. Defendants were prepared to defend this action vigorously by asserting a number of defenses to liability and disputing that the claims presented were appropriate for FLSA collective action treatment. The issues here are complex and will be strongly contested, resulting in significant time and expense if the litigation continues. Barring a settlement, the parties would need to prepare for and conduct

a trial with numerous witnesses.  Thereafter, any final judgment could be appealed, thereby extending the duration of the litigation.  Given these risks, further litigation could result in no recovery for Class Members or a significant judgment against Defendants which could bankrupt them, leaving nothing for the Class Members to recover.  The proposed settlement provides relief to Plaintiff and the FLSA Collective Members that takes into account Defendants' defenses and provides compensation to Collective Members without indefinite delay incumbent in continued litigation. Blanchard Decl. ¶¶ 11-13.

### 4.  Arm's-Length Bargaining Between Experienced Counsel and the Possibility of Fraud or Collusion

The Agreement is the result of contested litigation, factual discovery, and arm's-length negotiations, and neither party has raised concerns fraud or collusion. Blanchard Decl. ¶¶ 9-13. The Parties investigated the merits of the claims and Defendant' defenses and engaged in mediation. *See Hainey v. Parrot,* 617 F.Supp.2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties."); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) ("[I]n general, a settlement arrived at after arm's length bargaining may be presumed to be fair."). Following an unsuccessful initial mediation session, the parties' counsel rigorously negotiated the settlement terms, such that there can be no doubt that the settlement was honestly

and fairly negotiated, and not the product of collusion. *See Crawford v. Lexington-Fayette Urban Cnty. Gov't*, Civil Action No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *20-21 (E.D. Ky. Oct. 23, 2008) (finding no risk of fraud or collusion relative to final approval, where settlement was "the product of arm's length, good-faith settlement negotiations" reached after two days of mediation through "an experienced, third-party neutral mediator") (Ex. 12).

### C. The Proposed Service Award to the Named Plaintiff is Fair and Reasonable

The settlement also provides for a service payment of $5,000.00 to Named Plaintiff Paul Westley. Agreement ¶ 4(c). Courts in this Circuit recognize that "class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010). Courts have routinely recognized the importance of such awards in wage cases of this nature, where "the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187-188 (W.D.N.Y. 2005).

The incentive payment requested as part of the Agreement is consistent with incentive payments that have been approved in FLSA collective cases in the Sixth

Circuit, in which courts have specifically endorsed the proposition that incentive payments are proper in FLSA collective actions. *See, e.g.*, *Osman*, 2018 U.S. Dist. LEXIS 78222, at *5-6 (approving an incentive payment to the named plaintiff and two opt-in plaintiffs in an FLSA collective action, ranging from $7,500 to $750) (Ex. 7); *Graybill v. Petta Enterprises, LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152, at *24 (S.D. Ohio Sept. 25, 2018) (approving an incentive payment of $5,500 to the named plaintiff in an FLSA collective action) (Ex. 13); *Salinas v. U.S. Xpress Enterprises, Inc.*, No. 1:13-cv-245, 2018 U.S. Dist. LEXIS 48946, at *2-3 (E.D. Tenn. Mar. 26, 2018) (approving incentive payments to the named and opt-in plaintiffs in an FLSA collective action, ranging from $10,000 to $500) (Ex. 14); *Carey v. Physician Technology Partners, LLC*, No. 3:17-cv-00213, Order Approving FLSA Collective Action Settlement Agreement (ECF No. 40) (S.D. Ohio July 13, 2018) (approving incentive payments for the named plaintiffs in an FLSA collective action in the amount of $5,000 each) (Ex. 15).

Plaintiff brought this action on behalf of other delivery drivers who worked for Defendants. Plaintiff provided significant assistance to Plaintiff's Counsel as they drafted the Complaint, reviewed Defendants' data and document production, and prepared for mediation, and the modest incentive award of $5,000.00 fairly recognizes the services that he performed in advancing the FLSA Collective Members' interests and the time that he dedicated to the lawsuit. Blanchard Decl. ¶

¶ 15, 20. This amount is consistent with service awards that have been approved in similar cases. The Service Award requested here should be approved.

**D.    The Attorneys' Fees and Costs Provisions of the Settlement Agreement Fairly Compensate Plaintiff's Counsel for the Time and Expense in Litigating This Matter and Should be Approved**

**1.  The Attorneys' Fees Requested Should be Approved**

The FLSA allows for a Plaintiff to recover his or her attorneys' fees and expenses. *See* 29 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount." *Belmont v. Homes of Opportunity, Inc.*, No. CV 18-10854, 2018 U.S. Dist. LEXIS 209920, at *2 (E.D. Mich. Dec. 13, 2018 (citing *Wolinsky*, 900 F. Supp. 2d at 336) (Ex. 16). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

Here, the Settlement Agreement provides for the payment of Plaintiff's attorneys' fees of up to $33,000.00, or approximately 26.83% of the Gross Settlement Amount. Courts in the Sixth Circuit and from around the country have

awarded similar percentage fees in other class and collective action cases. *See e.g.*, *Osman*, 2018 U.S. Dist. LEXIS 78222, at *6 (approving plaintiffs' request for one-third of the common settlement fund) (Ex. 7).[3] Fees within this range are "presumptively reasonable." *Vaszlavik v. Storage Tech. Corp.*, No. 95-V-2525, 2000 U.S. Dist. LEXIS 21140, at *11 (D. Colo. March 9, 2000) (Ex. 17).

In litigating this case, Plaintiff's Counsel have collectively spent approximately 196.5 hours advocating on behalf of Plaintiff and the FLSA Collective. Blanchard Decl. ¶ 23-24; Declaration of Jay Forester ("Forester Decl.") ¶ 9 (Ex. 20). These hours result in a lodestar of approximately $66,417.00, which corresponds to a multiplier of approximately 0.50. *See* Blanchard Decl. ¶ 29. The multiplier will diminish by the time the Opt-In Period ends and the awards are mailed. Blanchard Decl. ¶ 29.[4]

---

[3] *See also Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (noting fee awards generally ranging from 35% to 40% are common in cases taken on a contingent fee basis); *Henry v. Little Mint, Inc.*, No. 12-cv-3966, 2014 U.S. Dist. LEXIS 72574, at *40-41 (S.D.N.Y. May 23, 2014) (noting that request for fees was "in line with decisions from across the country that have awarded one-third or more in wage-and-hour settlements" and citing cases) (Ex. 18); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 U.S. Dist. LEXIS 102173, at *31-32 (E.D. Pa. Sept. 9, 2011) (noting that a study of class action fee awards within the Third Circuit found that average attorney's fees percentage in such cases was 31.71% and median award was 33.3%) (Ex. 19).

[4] Courts routinely apply a multiplier to the lodestar in class action settlements. *See Johnson v. Brennan*, No. 10 Civ. 4712, 2011 U.S. Dist. LEXIS 105775, at *37-38 (S.D.N.Y. Sept. 16, 2011) (noting that "[c]ourts routinely award counsel two to three times lodestar in class action settlements" and collecting cases) (Ex. 21); *see also Beasley v. Custom Communications, Inc.*, No. 15-00583, ECF No. 116 (E.D.N.C.

Furthermore, any multiplier that Plaintiff's Counsel seeks will diminish over time as Plaintiff's Counsel spends additional time on this litigation in connection with implementing and monitoring the Agreement. Among other things, Plaintiff's Counsel will work with Defendants to finalize Settlement Awards and distribution and respond to inquiries from Collective Members. Plaintiff's Counsel has also agreed to take on significant administrative duties by administering and finalizing the Notice and Opt-In process. Blanchard Decl. ¶¶ 23-29.

Additionally, an evaluation of the complexity and duration supports the requested fee. In this case, Plaintiff and Defendants agree that there are numerous disputed issues of fact and law, including whether Plaintiff and the Consultants were adequately reimbursed; whether Defendants' alleged violations were willful; and whether collective action treatment could be achieved and maintained. Blanchard Decl. ¶¶ 9-13. Because Defendants had potential legal and factual defenses to Plaintiff's claims, an outcome of zero recovery for Plaintiff was possible. Blanchard Decl. ¶¶ 9-13. Because both trial and judicial review are unpredictable and could

---

Oct. 24, 2017) (approving one-third contingency fee with a 1.11 lodestar multiplier) (Ex. 22); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 298-99, 303-04 (3d Cir. 2005) (finding no abuse of discretion where district court approved attorney's fees with a "fairly common" lodestar multiplier of 4.07 despite objection that lodestar multiplier could not be above 3). This supports the reasonableness of the attorney's fees here because the maximum attorney's fees in this case will be less than 50% of the actual, current lodestar.

adversely affect the scope of an ultimate recovery, if not the recovery itself, the award is reasonable. Plaintiff's Counsel accepted these risks, diligently prosecuted the case, and negotiated a recovery for the FLSA Collective Members that represents a reasonable reimbursement rate of $0.40 per mile. Blanchard Decl. ¶ 16. In order to protect the interests of the FLSA Collective, if the amount claimed by Opt-In Plaintiffs exceeds $80,000.00, attorney's fees for Plaintiff's Counsel will be reduced accordingly. Agreement ¶ 4(d); Blanchard Decl. ¶ 17. Accordingly, Plaintiff's request for attorney's fees not to exceed $33,000.00 is reasonable.

## 2. Plaintiff's Counsel's Costs Should be Approved

In addition to its provision for reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b). Thus, awards of reasonable out-of-pocket costs incurred by Plaintiff's Counsel are routinely approved by courts as part of FLSA settlements. *See, e.g., Wade v. Werner Trucking Co*., No. 2:10-CV-270, 2014 U.S. Dist. LEXIS 78341, at *4-5 (S.D. Ohio June 5, 2014) (Ex. 23). Moreover, "under the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement, including expenses incurred in connection with document productions, consulting with experts and consultants, travel and other litigation-related expenses." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508 (E.D. Mich. 2003).

18

Plaintiff's Counsel request an award not to exceed $5,000.00 for the costs they have incurred in pursuit of the claims of Plaintiff, Opt-In Plaintiffs, and FLSA Collective Members. Agreement ¶ 4(b); Blanchard Decl. ¶ 17, 31. To date, Plaintiff's Counsel have incurred significant costs, totaling $4,117.76, in processing client documents, processing the pay data produced by Defendants and preparing a damages estimate, preparing for and attending mediation, and negotiating final terms of the Settlement Agreement. Blanchard Decl. ¶ 31; Forester Decl. ¶ These expenses were reasonable and necessary for the successful prosecution of this case, and pursuant to the terms of the Settlement Agreement, Defendants do not object to the request for costs.

## IV.   CONCLUSION

Because the Settlement reached by the parties in this case is fair and reasonable, and meets the requirements for FLSA settlement approval, Plaintiff respectfully requests that the Court grant this Unopposed Motion for Final Approval of the Settlement Agreement and for Attorneys' Fees and Expenses.

Respectfully submitted,

BLANCHARD & WALKER, PLLC
/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

19

hollander@bwlawonline.com

J. Forester
Texas Bar No. 24087532
FORESTER HAYNIE PLLC
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
www.foresterhaynie.com

Dated:  August 30, 2019                  *ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, my paralegal, Natalie M. Walter, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
BLANCHARD & WALKER PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com