Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL WESTLEY, individually and on behalf of similarly situated persons,

*Plaintiffs*,

v.

CCK PIZZA COMPANY, LLC and CHRIS SCHLOEMANN,

*Defendants*.

Case No. 2:18-cv-13627
Hon. Thomas J. Ludington

## FLSA COLLECTIVE SETTLEMENT AGREEMENT

This FLSA Collective Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") is entered into between Plaintiff Paul Westley ("Plaintiff" or "Named Plaintiff"), individually and on behalf of the FLSA Collective defined below, and Defendants CCK Pizza Company, LLC and Chris Schloemann ("Defendants"), subject to the approval of the Court. Plaintiff and Defendants are referred to collectively as the "Parties."

1. The following terms used in this Agreement have the following meanings:

    a. "The Litigation" means the lawsuit filed by Plaintiff Paul Westley in the United States District Court, Eastern District of Michigan, styled as *Paul Westley, et al. v. CCK Pizza Company, LLC and Chris Schloemann*, Case No. 2:18-cv-13627.

    b. "Plaintiff's Counsel" means Blanchard and Walker, PLLC and Forester Haynie PLLC.

    c. "Opt-In Plaintiffs" means all individuals who are both 1) identified in **Exhibit 1**; **and** 2) have given written consent by

03143353 v1

September 25, 2019, pursuant to 29 U.S.C. § 216(b), to become a party plaintiff in the Litigation.

d. "Gross Settlement Amount" means $123,000.00.

e. "Pro Rata Settlement Share" means each Opt-In Plaintiff's pro rata share of unreimbursed expenses based on a mileage reimbursement rate of forty cents ($0.40) per mile for every mile driven on behalf of CCK Pizza Company, LLC, at any time since November 20, 2015, pursuant to data provided by Defendants. The Pro Rata Settlement Shares for the current Opt-In Plaintiffs are set forth in **Exhibit 2,** which the Parties agree and stipulate constitutes the entire amount of money, reimbursements, and benefits owing to each current Opt-In Plaintiff.

2. This Agreement shall cover Plaintiff and all delivery drivers employed by Defendants at any time since November 20, 2015 (the "FLSA Collective").

3. Defendants have produced data to Plaintiff's Counsel concerning the mileage reimbursement received by the FLSA Collective, and Plaintiff has relied on this information in agreeing to the Settlement.

4. In consideration of the terms and conditions of this Settlement Agreement, and contingent upon the Court's approval of this Settlement Agreement, Defendants will pay up to, but no more than, the Gross Settlement Amount, as follows:

a. Defendants will pay each Opt-In Plaintiff his or her respective Pro Rata Settlement Share, provided, however, that the Opt-In Plaintiff must first timely opt-in to this Litigation no later than September 25, 2019, pursuant to the Court's June 4, 2019 Order Granting Plaintiff's Motion for FLSA Conditional Certification. The Parties acknowledge and agree that, as of the date of this Agreement, the current Opt-In Plaintiffs are Brittany Freeman, Tyler Houghtaling, Misty Blanchard, Bryan McCrackin, Bryan Stevens, Lucas Braidwood, Michael Price, Tyler Taylor, James Bentley, Joshua Heinz, Emily Riley, Austin Smith, Ethan Cline, Christopher Lasich, Christian J. Farmar II, Matthew A. Leonard, and Emajean Westley, and that each current Opt-in Plaintiffs' Pro Rata Settlement Share is set forth in **Exhibit 2**. The Parties

        agree that each Opt-In Plaintiff whose Pro Rata Settlement Share is less than $50.00, including, without limitation, Matthew A. Leonard and Joshua Heinz, shall be paid $50.00.

    b.    No later than October 24, 2019, Plaintiff's Counsel may seek and obtain an award of attorneys' fees of up to, but not more than, thirty-three thousand dollars ($33,000), plus reimbursement of their out-of-pocket costs up to, but not more than, five thousand dollars ($5,000). These amounts are subject to Court approval, and Defendants agree not to oppose Plaintiff's request for the aforementioned amount of attorneys' fees and costs. The Court's determination as to the amount of awardable attorneys' fees and costs is definitive and final, provided it does not exceed the limits set forth herein.

    c.    Defendants shall pay the Named Plaintiff a service award of five thousand dollars ($5,000) in recognition of his service to the FLSA Collective, subject to the Court's approval. The service award shall be paid at the same time that the settlement checks are sent to the Opt-In Plaintiffs.

    d.    In no event shall Defendants be required to pay more than the Gross Settlement Amount in connection with the Litigation or this Settlement Agreement. If Defendants' payments to the Opt-In Plaintiffs exceed eighty thousand dollars ($80,000), Plaintiff's Counsel agrees to accept a lower amount in attorneys' fees and costs such that the total amount paid to the Opt-In Plaintiffs, Named Plaintiff, and Plaintiff's counsel is no more than the Gross Settlement Amount.

    5.    Defendants shall pay all amounts due under this Agreement, as described in Paragraph 4 above, on or before October 25, 2019. Defendants shall mail each Opt-In Plaintiff's check using the addresses set forth in **Exhibit 1** pertaining to the particular Opt-In Plaintiff. Defendants shall mail the $5,000 service award to Plaintiff by mailing the check to Plaintiff's address set forth in **Exhibit 1**. For any attorneys' fees or costs awarded to Plaintiff's Counsel, Defendants shall mail a check to Blanchard & Walker PLLC, 221 North Main Street, Suite 300, Ann Arbor, MI 48104.

6. No later than August 30, 2019, Plaintiff shall prepare and file his Motion for Approval of the Settlement Agreement ("Motion") with the Court. Defendants agree not to oppose the Motion provided the Motion is consistent with the terms and limitations set forth in this Agreement. The Motion shall request that the Court approve this Settlement in a one-stage approval process and request to delay dismissal of the Litigation until October 30, 2019, i.e., thirty-five (35) days after the end of the opt-in period, at which time Plaintiff shall file a dismissal of the Litigation, with prejudice.

7. Defendants shall be responsible for their own attorneys' fees and costs.

8. Defendants shall be responsible for issuing all individual settlement checks as set forth in this Agreement. Plaintiff's Counsel agrees to cooperate with Defendants and facilitate Defendants contacting and issuing settlement checks to the Opt-In Plaintiffs.

9. Settlement checks will be issued by Defendants and will be valid and negotiable for a period of 180 days.

10. Settlement checks will be accompanied by an IRS Form 1099 for Named Plaintiff and all Opt-In Plaintiffs. Settlement Awards shall be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.

11. Any amounts from uncashed settlement checks after the 180-day period will be paid to the State of Michigan Department of Treasury Unclaimed Property Fund.

12. Each Opt-In Plaintiff and Named Plaintiff, upon Defendants' mailing their respective checks described in Paragraphs 4(a) and 4(c), *supra*, shall be deemed to have individually released Defendants, including their owners, shareholders, officers, directors, employees, representatives, parent companies, subsidiaries, predecessors, successors, assigns, and insureds (the "Released Parties"), from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses, and issues of any kind or nature whatsoever, whether known or unknown, against the Released Parties, including, without limitation, those claims that were or could have been asserted in Plaintiff's Complaint and that arose prior to September 26, 2019 (the "Relevant Time Period"). The claims being released include, but are not limited to, alleged violations of the FLSA, and all state and federal claims for unpaid wages, and related claims for

penalties, interest, liquidated damages, attorneys' fees, costs, and expenses that accrued during the Relevant Time Period.

13. Following delivery of the Gross Settlement Amount by Defendants, Defendants shall be deemed to have released Plaintiff and all Opt-In Plaintiffs from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses, and issues of any kind or nature whatsoever, whether known or unknown, against them.

14. If the Court does not approve the Settlement as provided herein, the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach a new agreement, then either Party may void this Agreement.

15. The Parties agree to hold in abeyance all proceedings in the Litigation, except as directed by the Court or as necessary to implement and complete the Settlement.

16. This Agreement constitutes the entire Agreement between Defendants, Named Plaintiff, and the Opt-In Plaintiffs, and no oral or written representations, warranties, or inducements have been made by any of the aforementioned concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this Agreement.

17. This Agreement shall be binding upon, and inure to the benefit of, Plaintiff, Opt-In Plaintiffs, and Defendants and their heirs, beneficiaries, executors, administrators, successors, transferees, predecessors, assigns, or any corporation or any entity with which any party may merge, consolidate, or reorganize. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

18. This Agreement may be executed in one or more counterparts, including by facsimile, email, or electronic signature. All executed counterparts shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of

the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

19. The Parties have cooperated in the drafting and preparation of this Agreement; hence, the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's-length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

20. This Agreement shall be governed by and interpreted according to Michigan law.

21. This Agreement is the result of a compromise between the Parties, and nothing in this Agreement constitutes an admission of liability by any Party with regard to the subject matter of this Litigation. As consideration for the payments described in this Agreement, Plaintiff, Opt-In Plaintiffs, and Plaintiff's Counsel agree that they, individually or collectively, are not entitled to recover any additional attorneys' fees or litigation expenses arising out of or related to the Litigation; and they waive any rights they may have to recover any attorneys' fees or litigation expenses or costs, other than expressly set forth in Paragraph 4, *supra*.

22. Each signatory below represents and warrants that he is competent and authorized to enter into this Agreement on behalf of the Party for whom he purports to sign.

23. This Agreement falls within the protections that afford compromises and offers to compromise under Federal Rule of Evidence 408, provided that Plaintiffs may file this Agreement, *sans* Exhibits, with the Court for purposes of seeking settlement approval, as required by the FLSA.

24. This Agreement and Defendants' obligations hereunder are contingent on the Court approving this Settlement Agreement upon Plaintiff's timely request.

25. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

*[This portion intentionally left blank; signature pages follow on next page]*

**PLAINTIFF:** ___/s/ Paul Westley_____  Date: August 23, 2019
Paul westley (Aug 23, 2019)
Paul Westley

**APPROVED AS TO FORM AND SUBSTANCE BY PLAINTIFF'S COUNSEL**

Date: August 23, 2019                          Date: August 23, 2019
BLANCHARD & WALKER PLLC                        FORESTER HAYNIE PLLC
David M. Blanchard                             J. Forester
Frances J. Hollander                           Texas Bar No. 24087532
221 North Main Street, Suite 300               1701 N. Market Street, Ste 210
Ann Arbor, MI 48104                            Dallas, Texas 75202


**DEFENDANTS:** _____   Date: August ____, 2019
Chris Schloemann


_____   Date: August ____, 2019
CCK Pizza Company, LLC

**APPROVED AS TO FORM AND SUBSTANCE BY DEFENDANTS' COUNSEL**

_____   Date: August ____, 2019
MADDIN, HAUSER, ROTH & HELLER, P.C.
R.J. Cronkhite
James M. Reid, IV

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

[*This portion intentionally left blank; signature pages follow on next page*]

**PLAINTIFF:** _____ Date: August ____, 2019
    Paul Westley

**APPROVED AS TO FORM AND SUBSTANCE BY PLAINTIFF'S COUNSEL**

| | |
|---|---|
| Date: August ____, 2019 | Date: August ____, 2019 |
| BLANCHARD & WALKER PLLC | FORESTER HAYNIE PLLC |
| David M. Blanchard | J. Forester |
| Frances J. Hollander | Texas Bar No. 24087532 |
| 221 North Main Street, Suite 300 | 1701 N. Market Street, Ste 210 |
| Ann Arbor, MI 48104 | Dallas, Texas 75202 |

**DEFENDANTS:** _/s/ Chris Schloemann_ Date: August 22, 2019
    Chris Schloemann

_/s/ Chris Schloemann_ Date: August 22, 2019
    CCK Pizza Company, LLC

**APPROVED AS TO FORM AND SUBSTANCE BY DEFENDANTS' COUNSEL**

_____ Date: August 23, 2019
MADDIN, HAUSER, ROTH & HELLER, P.C.
R.J. Cronkhite
James M. Reid, IV

28400 Northwestern Hwy, Floor 2
Southfield, MI 48034