UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL WESTLEY, individually
and on behalf of similarly situated
persons,

    Plaintiff,

v.

CCK PIZZA COMPANY, LLC
and CHRIS SCHLOEMANN,

    Defendant.
_____/

Case No. 18-13627

Honorable Thomas L. Ludington

**ORDER GRANTING MOTION AND APPROVING SETTLEMENT AGREEMENT**

On November 20, 2018, Plaintiff Paul Westley filed a complaint against Defendants CCK Pizza Company, LLC and Chris Schloemann. ECF No. 1. Plaintiff alleges that Defendants have failed to adequately reimburse Defendants' employees for their labor in violation of the Fair Labor Standards Act ("FLSA") and the Michigan Wage Law. *Id*. On January 31, 2019, Plaintiff filed a motion for conditional certification. On June 4, 2019, the motion was granted because potential plaintiffs were sufficiently similarly situated for conditional class certification.

Plaintiff subsequently filed a "Motion for Approval of FLSA Collective Action Settlement and for Attorneys' Fees and Costs." ECF No. 51. Plaintiff represents that the motion is unopposed. For the following reasons, the motion will be granted.

**I.**

According to Plaintiff's Amended Complaint, Defendants CCK Pizza Company ("CCK") and Chris Schloemann own and operate numerous Domino's Pizza franchise stores.[1] ECF No. 19

---

[1] Defendants state in their answer that CCK owns four Domino's franchise stores. PageID.39.

at PageID.351. Schloemann is an owner, officer, and director of CCK. *Id.* While in this capacity, Schloemann implemented the pay rate at issue and has overseen and enforced CCK's pay practices. *Id.* Defendants' Domino's stores employ delivery drivers primarily to deliver food items to customers. *Id.* at PageID.352. Defendants require their drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering the food items. *Id.* The drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses while delivering the food items. *Id.*

All of Defendants' delivery drivers were subject to reimbursement for these costs. *Id.* at PageID.355. Since November 20, 2015, Defendants have utilized various methods of reimbursement to account for these expenses. *Id.* at PageID.352. Plaintiff alleges that none of Defendants' methods have adequately reimbursed the actual vehicle expenses incurred by the delivery drivers. *Id.* Accordingly, Plaintiff alleges that Defendants have a flawed reimbursement policy that has resulted in the "under-reimbursement" of all of Defendants' delivery drivers' actual automobile expenses. *Id.* As a result of the flawed reimbursement policy, the drivers' net wages were allegedly diminished beneath the federal minimum wage requirements under the FLSA. *Id.* at PageID.354.

While employed as a delivery driver with Defendants, Plaintiff was paid a cash wage of $5.75 per hour, plus a tip credit. *Id.* The federal minimum wage throughout the duration of Plaintiff's employment by Defendants was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). During Plaintiff's employment period, he was reimbursed at various rates, with a minimum reimbursement of $.29 per mile. *Id.* at PageID.355. During Plaintiff's employment period, the IRS business mileage rate ranged between $.535 and $.56 per mile. *Id.* The IRS mileage rate provides optional "standard mileage rates for taxpayers to use in computing the deductible costs of operating an

automobile for business, charitable, medical, or moving expense purposes." *Id.* PageID.537. Using the IRS data as a reasonable approximation of Plaintiff's automobile expenses, every mile driven by Plaintiff allegedly decreased his net wages by at least $.245 per mile, or by $.735 per hour. PageID.355. Plaintiff contends that this decrease in net wages diminished his wages beneath the federal minimum wage. *Id.* at PageID.354.

On November 20, 2018, Plaintiff filed his complaint. ECF No. 1. On January 31, 2019, Plaintiff filed a motion for FLSA Conditional Certification which the Court granted. ECF Nos. 13, 33. The order provided that potential plaintiffs had to opt into the class on or before September 25, 2019. Prior to the close of the opt in period, the parties reached a settlement agreement. Plaintiff subsequently filed a motion for approval of the settlement agreement. ECF No. 51. The motion will be granted.

## II.

The parties' settlement agreement ("Agreement") provides that Defendants will pay Plaintiffs a maximum of $123,000, the gross settlement amount. ECF No. 51-2 at PageID.959. Each Plaintiff that had opted into the lawsuit will receive a

> [P]ro rata share of unreimbursed expenses based on a mileage reimbursement rate of forty cents ($0.40) per mile for every mile driven on behalf of CCK Pizza Company, LLC, at any time since November 20, 2015, pursuant to data provided by Defendants.

ECF No. 51-2 at PageID.959. The named Plaintiff, Paul Westley, will receive an incentive award of $5,000 and Plaintiff's counsel will receive attorneys' fees up to $33,000.00. ECF No. 51-2 at PageID.960.

## III.

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair and reasonable resolution of

a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, 2016 WL 319596 at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted). In making this determination, the court should consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Brown v. AK Lawncare, Inc.*, 2017 WL 1950988 at *2 (E.D. Mich. May 11, 2017) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### A.

Plaintiff posits that the settlement agreement is reasonable due to the risks that Plaintiff faces should he continue to litigate.

> In this case, while Plaintiff contends that he and the Eligible Collective Members were not adequately reimbursed, Defendants argue that their reimbursement rate was reasonable. Defendants also maintains that collective action treatment of the Plaintiff's claims is not appropriate and would seek decertification if this case proceeded. Thus, the ultimate result of this litigation is far from certain.

ECF No. 51 at PageID.943. Plaintiff later explains that Defendants also intend to contest the statute of limitations, which would "severely limit Plaintiff's and FLSA Collective Members' possible recovery." *Id.*

Plaintiff further contends that the Agreement is fair and reasonable because

> Each Eligible Collective Member will receive a *pro rata* share of the Gross Settlement amount compensating them for unreimbursed expenses based on a mileage reimbursement rate of $0.40 per mile for every mile driven on behalf of Defendants at any time from November 20, 2015 to September 25, 2019.

*Id.* at PageID.944. Plaintiff represents that the Agreement is also advisable because an extensive litigation and potential appeal could bankrupt Defendants, "leaving nothing for the Class Members to recover." ECF No. 51 at PageID.946.

Plaintiff assures that settlement was reached as a result of "arm's length negotiations." ECF No. 51 at PageID.946. This is supported by the fact that the parties engaged in mediation. *See Hainey v. Parrot*, 617 F.Supp.2d 668, 673 (S.D. Ohio 2007) ("The participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties."). Though they did not reach a settlement during their initial conference, they subsequently negotiated the current Agreement.

**B.**

The Settlement provides for an incentive award of $5,000 for the complaint's named plaintiff, Paul Westley. The Sixth Circuit has never "explicitly passed judgment on the appropriateness of incentive awards." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). However, it recognizes that many courts grant such awards. *Id.* This includes the Northern District of Ohio which held that "class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010). However, the Sixth Circuit has cautioned that "applications for incentive awards are scrutinized carefully by the courts who sensibly fear that incentive awards may lead named plaintiffs to expect a bounty for bringing suit or to compromise the interest of the class for personal gain." *Hadix*, 322 F.3d at 897 (6th Cir. 2003).

Plaintiff represents that Westley has been extensively involved in litigating this case. ECF No. 51 at PageID.948. Plaintiff's counsel provided an affidavit which avers:

> In this litigation, Plaintiff contributed substantial effort to advance the interests of the FLSA Collective…He worked with Plaintiff's Counsel, providing background information about his employment, about Defendants' policies and practices, and about the allegations in this lawsuit, discussed case strategy, and assisted in ensuring the settlement is fair to the Collective Members.

- 5 -

ECF No. 51-3 at PageID.974. The affidavit of Plaintiff's counsel indicates that Plaintiff was substantially involved in the litigation. Accordingly, his incentive award of $5,000 will be approved.

**C.**

The Agreement provides Plaintiff's attorneys with attorney's fees of up to $33,000.00 (approximately 26.83% of the gross settlement amount) and costs and expenses of up to $5,000 and. ECF No. 51 at PageID.936. The FLSA provides "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216.

In determining attorney fees, a district court may use the lodestar method or the percentage of the fund method. *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). It must also "provide a clear statement of reasoning used in adopting a particular methodology and the factors considered in arriving at the fee." *Id.* Under the lodestar account, Plaintiff's counsel would be entitled to approximately $66,417.00 at this point in the litigation. ECF No. 51 at PageID.950. This amount does not include the subsequent work that must be done to implement the Agreement. Plaintiff's counsel claims that they have spent approximately 196.5 hours on the case. Their lodestar calculation uses a modest multiplier of 0.5. ECF No. 51 at PageID.950.

In contrast, the Agreement uses a percentage of the fund method, providing Plaintiff's counsel with up to $33,000.00 in fees. This is approximately 26.83% of the gross settlement amount. This is less than half the current lodestar amount and would preserve greater funds for the class. Other courts have approved similar percentage of funds amounts. *In re Rio Hair Naturalizer Products Liability Litigation*, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996) (approving an

attorneys' fee of 25% percentage of fund); *Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. March 25, 1993) ("[F]ee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent of the common fund created."). Plaintiff's attorney's fee calculation using the percentage of the fund method is reasonable.

**III.**

Accordingly, it is **ORDERD** that Plaintiff's unopposed motion for approval of the settlement agreement, ECF No. 51, is **GRANTED**.

It is further **ORDERED** that the parties' settlement agreement, including the gross settlement amount, Paul Westley's incentive award, Plaintiff's attorney's fees and costs and expenses, is **APPROVED**.


Dated: October 31, 2019    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge